

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MILTON RODRIGUEZ, JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 00-0264 |
| WACKENHUT CORPORATION | * | SECTION "N" |

### ORDER AND REASONS

Before the Court is Defendant Wackenhut Corporation's Motion to Dismiss/Summary Judgment. For the following reasons, the Court concludes that the Defendant's Motion to Dismiss/Summary Judgment is GRANTED in part and DENIED in part.

### A. BACKGROUND

On January 27, 2000, Plaintiff Milton Rodriguez, Jr. ("Rodriguez") filed this action pursuant to Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991. Rodriguez alleges that he was unlawfully terminated by Defendant Wackenhut Corporation ("Wackenhut") in retaliation for his alleged participation in the exercise of a co-worker's civil rights.

DATE OF ENTRY
JUN 2 3 2000



Plaintiff alleges that a few months before his termination, his co-worker and girlfriend Anita Rodriguez[1] commenced an EEOC disability claim and complained to Wackenhut about sexual harassment at the plant. Plaintiff alleges that he received threats from Wackenhut management to discontinue his relationship with Anita Rodriguez and that he was unlawfully terminated in retaliation for this relationship on January 5, 1999. Compl. ¶ XI.

Wackenhut argues that Rodriguez' claim is barred because he signed a "Separation Agreement and General Release" ("Release") on January 5, 1999 that "released and forever discharged" Wackenhut from any claims Rodriguez now has or may have in the future.

## B. STANDARD OF REVIEW

In a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiffs. See Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v.City of Houston, 51 F.3d 512, 514 (5th Cir. 1995) (quoting Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)); see also Green v. State Bar of Tex., 27 F.3d 1083, 1086 (5th Cir. 1994).

Alternatively, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of fact exists where the evidence is such that a

---

[1] Anita Rodriguez is presently married to the plaintiff, but she was his girlfriend and live-in companion at the time of the alleged retaliatory conduct.

2

reasonable jury could return a verdict for the non-moving party. *See* <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of demonstrating an absence of evidence to support the non-movant's case. *See* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the opposing party bears the burden of proof at trial, the moving party need not submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. *See* <u>Saunders v. Michelin Tire Corp.</u>, 942 F.2d 299, 301 (5th Cir. 1991). To oppose a motion for summary judgment, the non-movant must set forth specific facts to establish a genuine issue of material fact and cannot merely rest on allegations and denials. *See* <u>Celotex</u>, 477 U.S. at 324. Factual controversies are to be resolved in favor of the non-moving party. *See* <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994).

### C. LAW AND ANALYSIS

In the case at bar, Rodriguez signed a Release with Wackenhut on January 5, 1999 "for the purpose of amicably concluding their employment relationship." Release ¶ 1. This document states that Rodriguez releases Wackenhut from any claims which Rodriguez "now has or may have in the future." <u>Id.</u> ¶ 3. Wackenhut claims that this Release bars Rodriguez' suit. Rodriguez, however, asserts that the Release is invalid because it (1) prospectively waived his Title VII rights, (2) was not knowing and voluntary, and (3) was procured under fraud or duress.

Since the Release specifically released Wackenhut from the claims in the case at bar and provided Rodriguez with nine weeks of separation pay as consideration, Rodriguez bears the burden of demonstrating that the Release was invalid "because of fraud, duress, material mistake, or some other defense." <u>Williams v. Phillips Petroleum Co.</u>, 23 F.3d 930, 935 (5th Cir. 1994).

3

### 1. Prospective Waiver

The Supreme Court has held that "there can be no prospective waiver of an employee's rights under Title VII." Alexander v. Gardner-Denver Co., 415 U.S. 36, 51 (1974). However, there has been no prospective waiver in this case.

Rodriguez asserts that, although he signed the Release on January 5, 1999, he was not actually terminated until January 13, 1999. Mem. Opp'n at 5. He bases this argument on the fact that the Separation Notice filed with the Louisiana Office of Employment Security lists January 13 as the "Date of Separation." Separation Notice ¶ 2. However, this document states that January 5 was the "Date Last Worked." Id. ¶ 3. Furthermore, the Release Rodriguez signed on January 5, 1999 was titled "Separation Agreement and General Release," and Rodriguez admits that he was told he was being laid off when he signed it. Rodriguez Aff. ¶ 4. Rodriguez is claiming that Wackenhut's decision to terminate him violated his civil rights, and clearly that decision was made on or before January 5, 1999.

A release is valid as to claims arising "on or before" the date it is signed.[2] Rogers v. General Elec. Co., 781 F.2d 452, 455 (5th Cir. 1986). In the case at bar, the allegedly discriminatory action occurred on or before January 5, 1999, and Rodriguez signed the Release on January 5, 1999. While Rodriguez' Release would not be valid as to any future discriminatory acts, the Court finds the Release is valid as to the allegedly discriminatory acts at issue here. *See* United States v. Allegheny-Ludlum Indus., Inc, 517 F.2d 826, 855 (5th Cir. 1975).

---

[2] Rodriguez asserts that the entire Release may be invalid because it purports to waive all future claims against Wackenhut. Even if this were true, the Release is still valid as long as the Court does not apply it to any claim arising after the date it was executed. *See* Rogers at 455.

Accordingly, on the issue of prospective waiver, Wackenhut's Motion to Dismiss/Summary Judgment is GRANTED.

## 2. Knowing and Voluntary

Secondly, Rodriguez argues that the Release is invalid because it was not "knowing and voluntary." Alexander, 415 U.S. at 454. The Fifth Circuit has adopted a totality of the circumstances test and considers six relevant factors in determining what constitutes a voluntary and knowing release: (1) the plaintiff's education and business experience, (2) the amount of time the plaintiff had possession of or access to the agreement before signing it, (3) the role of the plaintiff in deciding the terms of the agreement, (4) the clarity of the agreement, (5) whether the plaintiff was represented by or consulted with an attorney, and (6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law. *See* O'Hare v. Global Natural Resources, Inc., 898 F.2d 1015, 1017 (5th Cir. 1990).

Rodriguez has not raised a genuine issue of material fact suggesting any of these factors are deficient. Rodriguez does not allege that he could not read or understand the Release due to his education and business experience. The Release allowed Rodriguez over three weeks to consider its terms and gave him the right to negotiate for any and all of the conditions. The Release is clear and easily understood, and Rodriguez offers no evidence as to what provisions were incomprehensible to him. The Release states that "Rodriguez understands that he has the right to consult with an attorney." Release ¶ 4. It is not Wackenhut's fault that Rodriguez chose not to do so. *See* Williams, 23 F.3d at 937. Finally, the Release provided nine weeks of

separation pay in return for acceptance. Using the Fifth Circuit's totality of the circumstances test, the Court finds that the Release was knowing and voluntary.

Accordingly, on the issue of whether the Release was knowing and voluntary, Wackenhut's Motion to Dismiss/Summary Judgment is GRANTED.

### 3. Fraud

Finally, Rodriguez contends that the Release was procured by fraud. The Release clearly states that Rodriguez has "no less than 21 days and no more than 30 days" to consider the agreement. Release ¶ 4. However, Rodriguez alleges that on January 5, 1999, Wayne Dearman ("Dearman"), a high-ranking Wackenhut employee, presented Rodriguez with the Release and told Rodriguez that he would receive nothing if he did not sign the document that day. Am. Compl. ¶ IX(b).

To obtain summary judgment on the issue of fraud, Wackenhut must show there is an absence of evidence to support Rodriguez' claim. *See* Celotex, 477 U.S. at 325. However, the fraud claim was first raised in Rodriguez' Amended Complaint, which was filed after Wackenhut's Motion to Dismiss/Summary Judgment. Am. Compl. ¶ IX(e). Since Wackenhut has not addressed this claim, Wackenhut's Motion to Dismiss/Summary Judgment is DENIED on the issue of fraudulent procurement.

### D. CONCLUSION

IT IS ORDERED that:

    (1)    Defendant Wackenhut Corporation's Motion to Dismiss/Summary Judgment on the issue of prospective waiver is GRANTED.

(2) Defendant Wackenhut Corporation's Motion to Dismiss/Summary Judgment on the issue of whether the Release was knowing and voluntary is GRANTED.

(3) Defendant Wackenhut Corporation's Motion to Dismiss/Summary Judgment on the issue of fraud is DENIED.

New Orleans, Louisiana, this 22 day of June, 2000.

                    EDITH BROWN CLEMENT
                    UNITED STATES DISTRICT JUDGE