

```
         FILED
   U.S. DISTRICT COURT
 EASTERN DISTRICT OF LA

   2000 SEP -8  PM 3: 39

      LORETTA G. WHYTE
              CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MILTON RODRIGUEZ, JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 00-264 |
| WACKENHUT CORPORATION | * | SECTION "N" |

### ORDER AND REASONS

Before the Court is defendant Wackenhut Corporation's Motion to Dismiss/Summary Judgment. For the following reasons, defendant's motion is GRANTED in part and DENIED in part.

### BACKGROUND

On January 27, 2000, plaintiff Milton Rodriguez, Jr. ("Rodriguez") filed this action pursuant to Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991. Rodriguez alleges that he was unlawfully terminated by defendant Wackenhut Corporation ("Wackenhut") in retaliation for his participation in the exercise of a co-worker's civil rights.

```
DATE OF ENTRY
 SEP 1 1 2000
```



Wackenhut argues that Rodriguez' claim is barred because he signed a "Separation Agreement and General Release" ("Release") on January 5, 1999 that "released and forever discharged" Wackenhut from any claims Rodriguez now has or may have in the future. Rodriguez, however, claims that the Release is invalid because it (1) prospectively waived his Title VII rights, (2) was not knowingly and voluntarily signed, and (3) was procured under fraud or duress.

In an order and reasons entered on June 23, 2000, this Court granted Wackenhut's motion for summary judgment on the issues of prospective waiver and knowing and voluntary acceptance. However, the Court did not grant summary judgment on the fraud and duress issues because Wackenhut had not yet addressed them. Wackenhut now moves for summary judgment on these claims.

## STANDARD OF REVIEW

In a motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiffs. *See* Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995). Dismissal is warranted if "it appears certain that the plaintiff[s] cannot prove any set of facts in support of [their] claim that would entitle [them] to relief." Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995) (quoting Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)).

Alternatively, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of fact exists where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See* Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of demonstrating an absence of evidence to support the non-movant's case. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the opposing party bears the burden of proof at trial, the moving party need not submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. *See* Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991). To oppose a motion for summary judgment, the non-movant must set forth specific facts to establish a genuine issue of material fact and cannot merely rest on allegations and denials. *See* Celotex, 477 U.S. at 324. Factual controversies are to be resolved in favor of the non-moving party. *See* Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

## LAW AND ANALYSIS

In the instant motion, Wackenhut moves for summary judgment on Rodriguez' allegations that the Release was procured by fraud or duress. The Release provided that Rodriguez had the right to consult with an attorney, to deliberate for up to 30 days, and to revoke the agreement within seven days. However, Rodriguez claims that Dearman pressured him into signing the Release by telling him he would get nothing if he did not sign it that day.

### A. DURESS

Rodriguez' claim that he signed the Release under duress is without merit. Rodriguez claims that he signed the Release because he feared losing his vacation pay and unused sick leave pay. However, under Louisiana law a claim of financial pressure does not give rise to a cause of action for duress. *See* Shepherd v. Allstate Ins. Co., 562 So.2d 1099, 1101 (La. Ct. App. 4 Cir. 5/31/90).

Accordingly, Wackenhut's Motion for Summary Judgment on Rodriguez' claim that he signed the Release under duress is GRANTED.

### B. FRAUD

To prevail on his claim that the Release was fraudulently induced, Rodriguez must show that (1) Dearman made a material representation, (2) the representation was false, (3) Dearman knew that the representation was false, (4) Dearman intended that Rodriguez rely on the misrepresentation, and (5) Rodriguez detrimentally relied on the misrepresentation. *See* Black Gold Marine, Inc. v. Jackson Marine Company, 759 F.2d 466 (5th Cir. 1985). To obtain summary judgment on the issue of fraud, Wackenhut must show that there is an absence of evidence to support Rodriguez' claim. *See* Celotex, 477 U.S. at 325.

Wackenhut argues that the Release could not have been fraudulently procured because the Court already ruled that it was signed knowingly and voluntarily. However, the Court based this decision on the plain language of the Release itself; it reserved ruling on whether Rodriguez' knowing and voluntary acceptance was vitiated by Dearman's allegedly fraudulent statements. Since Wackenhut has offered no evidence to refute the allegations of fraud set forth in Rodriguez' affidavit, the Court finds that Rodriguez has raised a genuine issue of material fact that precludes summary judgment. Accordingly, Wackenhut's Motion for Summary Judgment on Rodriguez' fraudulent inducement claim is DENIED.

### CONCLUSION

IT IS ORDERED that

(1) defendant Wackenhut's Motion for Summary Judgment on Rodriguez' duress claim is GRANTED; and

(2)  defendant Wackenhut's Motion for Summary Judgment on Rodriguez' fraudulent procurement claim is DENIED.

New Orleans, Louisiana, this __7__ day of __Sept.__, 2000.


EDITH BROWN CLEMENT
UNITED STATES DISTRICT JUDGE